IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| NORTHERN ILLINOIS ELECTRICAL JOINT APPRENTICESHIP & TRAINING TRUST FUND, | ) ) ) |
| LABOR-MANAGEMENT COOPERATION COMMITTEE, | ) ) ) |
| NECA-IBEW NATIONAL LABOR-MANAGEMENT COOPERATION COMMITTEE, | ) ) ) |
| JOINT SAFETY COMMITTEE, | ) ) |
| NATIONAL ELECTRICAL BENEFIT FUND (NEBF), | ) ) ) |
| SUBSTANCE ABUSE TESTING FUND, | ) ) |
| ADMINISTRATIVE MAINTENANCE FUND (AMF), | ) ) ) |
| LOCAL UNION 364, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| NICHOLSON ELECTRIC, INC., an Illinois corporation, | ) ) ) |
| Defendant. | ) ) |

CIVIL ACTION

NO. 20-cv-50307

JUDGE

## **COMPLAINT**

The Plaintiffs, NORTHERN ILLINOIS ELECTRICAL JOINT APPRENTICESHIP & TRAINING TRUST FUND, LABOR-MANAGEMENT COOPERATION COMMITTEE, NECA-IBEW NATIONAL LABOR-MANAGEMENT COOPERATION COMMITTEE, JOINT SAFETY

COMMITTEE, NATIONAL ELECTRICAL BENEFIT FUND (NEBF), SUBSTANCE ABUSE TESTING FUND, ADMINISTRATIVE MAINTENANCE FUND (AMF) (collectively "Funds"), and LOCAL UNION 364, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS ("Local 364"), by their attorneys, complaining of the Defendant, NICHOLSON ELECTRIC, INC. ("Nicholson"), an Illinois corporation, allege as follows:

## COUNT I
### (Claim under ERISA by Funds against Nicholson)

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. The Funds are pension, welfare and related joint, labor-management funds and bring this action as "employee pension benefit plans," "employee welfare benefit plans" and "plans," under ERISA.

3. Nicholson is an Illinois corporation with its principal place of business located within this District and Division, at 1225 Fulton Avenue, Rockford, Illinois. Nicholson is obligated to report and pay fringe benefit contributions and/or wage deductions to Plaintiffs under the terms of a collective bargaining agreement with Local 364, and pursuant to the Funds' respective Agreements and Declarations of Trust.

4. As an employer obligated to report and pay fringe benefit contributions and wage deductions to the Funds, Nicholson is specifically required to do the following:

   (a) To submit to Plaintiffs for each month, by the 15th day of the month following the month for which the report is made, a report identifying stating the hours worked by

or paid to each and every person on whose behalf contributions are required to be made by Nicholson to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

(b) To have a duly authorized agent verify said reports by signature and to accompany the reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

(c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Nicholson is making full payment as required under the applicable agreements;

(d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by Nicholson's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages and interest as provided in ERISA, 29 U.S.C. §1132(g);

(e) To pay any and all costs incurred by Plaintiffs in auditing Nicholson's payroll records, should it be determined that Nicholson was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

(f) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Nicholson to submit its payroll books and records for audit, or to recover delinquent contributions;

(g) To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

5. Nicholson is delinquent and has breached its obligations to Plaintiffs and its obligations under the plans in the following respect:

Defendant has failed to make payment of contributions, liquidated damages, and audit fees based upon an audit of the Defendant's payroll records showing Defendant to have been delinquent in the payment of contributions and to have reported hours worked by its Employees incorrectly to Plaintiffs.

6. That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Nicholson, there is a total of $22,203.17, known to be due Plaintiffs from Nicholson based on a review of its payroll books and records for the period July 2016

through September 2018, subject to the possibility that additional amounts will come due during the pendency of this lawsuit.

7.  Plaintiffs have requested that Nicholson perform its obligations as aforesaid, but Nicholson has failed and refused to so perform.

8.  Nicholson's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(A) That judgment be entered in favor of Plaintiffs and against Nicholson for all unpaid contributions, liquidated damages, any costs of auditing Nicholson's records, accrued interest, and Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the collective bargaining agreement, Trust Agreements and ERISA;

(B) That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Nicholson's cost.

## COUNT II
**(Claim under LMRA by Local 364 against Nicholson)**

9.  Plaintiffs reallege and incorporate by reference Paragraphs 3 through 6 into this Count.

10. This action arises under the laws of the United States and is brought pursuant to the terms of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. §185. Jurisdiction is based on the existence of questions arising thereunder as hereinafter more fully appears. The rights asserted herein arise from the same series of transactions as Count I and there are common questions of law and facts to both Counts.

11.    Plaintiff, Local 364, is a labor organization representing certain of Nicholson's employees as the duly authorized collective bargaining representative, and is party to a collective bargaining with Nicholson.

12.    Under the aforesaid collective bargaining agreement, Nicholson agreed to deduct from the wages of those of its employees represented by Local 364, and who execute proper written authorization, sums of money as and for union dues, which monies are to be remitted to Local 364 on a monthly basis along with Nicholson's regular fringe benefit reports and contributions as described in Count I of this Complaint.

13.    Nicholson has deducted or has been required to deduct dues from the wages of its employees as required by the collective bargaining agreement, but has failed and refused to remit all or part of such monies so deducted to Local 364, but has instead converted such monies to its own use.

14.    The total amount of money that Nicholson failed to remit to Local 364 in violation of the collective bargaining agreement totals $442.07, based on a review of Nicholson's payroll books and records covering the period July 2016 through September 2018.

15.    Nicholson's acts and omissions as described herein constitute a breach of the collective bargaining agreement and entitle Local 364 to recover from Nicholson all monies which Nicholson was required to remit, whether deducted from wages or not and whether traceable or untraceable commingled with Nicholson's assets, and further entitle Local 364 to recover from Nicholson its damages for breach of Nicholson's obligations.

WHEREFORE, Local 364 prays:

(A) That judgment be entered in its favor and against Nicholson for all sums determined to be due from Nicholson to Local 364;

(B) That Local 364 recover from Nicholson its damages and all costs of collection and recovery including its reasonable attorneys' fees and costs;

(C) That Local 364 have such further relief as may be considered just and equitable by the Court, all at Nicholson's cost.

/s/   Patrick N. Ryan

Catherine M. Chapman
Patrick N. Ryan
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6278364
Telephone:  (312) 216-2573
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com

I:\364J\Nicholson Electric\#29042\complaint.pnr.df.wpd